**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| JESSE BLACK,<br><br>*Plaintiff*,<br><br>-v-<br><br>ZACHARY J. CLEVENGER and CRST EXPEDITED, INC.,<br><br>*Defendants*. | Civil Case No.: 3:25-5333-JFA<br><br>**COMPLAINT** |

Plaintiff Jesse Black, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1.  Plaintiff Jesse Black ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff is a citizen of the State of South Carolina and a resident of Columbia, South Carolina.

2.  Defendant Zachary J. Clevenger ("Defendant Clevenger") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Clevenger is a citizen of the State of Kentucky and a resident of Louisville, Kentucky.

3.  Upon information and belief, Defendant CRST Expedited, Inc. ("Defendant CRST") is a citizen of the State of Iowa as it was incorporated in Iowa and has its headquarters in Cedar Rapids, Iowa.

4.  At all times relevant to this action, Defendant Clevenger was an agent, servant, and/or employee of Defendant CRST, individually or jointly.

5. At all times relevant to this Complaint, Defendant CRST's agents, servants, and/or employees acted in the course and scope of their employment with Defendants.

6. The Columbia Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Columbia, Richland County, South Carolina, as further shown below.

7. This Court has personal jurisdiction over the Defendants because Defendant CRST was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Clevenger, and this cause of action relates to and arises out of Defendant CRST's contacts with South Carolina, as further shown below.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendants are citizens and residents of Kentucky and Iowa, such that there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## COUNT I
(Negligence *per se* as to Defendant Clevenger)

9. The Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

10. On or about January 22, 2025, Defendant Clevenger was driving a commercial vehicle (VIN 2GKFLTEK5G6328811) southbound on Two Notch Road in Columbia, South Carolina.

11. At that time and place, Plaintiff was driving a vehicle northbound on Two Notch Road in Columbia, South Carolina.

12. As Plaintiff and Defendant Clevenger were entering the intersection of Two Notch Road and Decker Boulevard from opposite directions, Defendant Clevenger suddenly and unexpectedly turned left in front of Plaintiff's vehicle, thereby violating Plaintiff's right of way.

13. Defendant Clevenger owed Plaintiff statutory duties to operate his vehicle reasonably and safely so that he did not cause injury to Plaintiff.

14. Defendant Clevenger failed to exercise due care to avoid crashing into Plaintiff.

15. Defendant Clevenger breached his duty to Plaintiff by failing to exercise due care to avoid a collision with the vehicle in which Plaintiff was an occupant.

16. Defendant Clevenger's violation of his statutory duties constitutes negligence *per se*.

17. Defendant Clevenger's breach of his statutory duties, as described above, is not only negligence *per se* but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

18. Defendant Clevenger's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

19. Because Plaintiff was injured as a direct result of Defendant Clevenger's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

20. Defendant Clevenger's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Clevenger for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Clevenger violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **COUNT II**
(Negligence as to Defendant Clevenger)

21. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

22. Defendant Clevenger owed Plaintiff a common-law duty to do the following:

   a. Keep a proper lookout;
   b. Maintain appropriate attention on the road while driving;
   c. Maintain his vehicle in a roadworthy manner;
   d. Yield the right of way to Plaintiff;
   e. Apply his brakes to stop his vehicle timely;
   f. Operate his vehicle in a safe manner and at a safe speed; and
   g. Drive reasonably carefully with respect for the rights and safety of others, such as Plaintiff.

23. Defendant Clevenger breached his duty to Plaintiff in the following ways:

   a. Failing to keep a proper lookout;
   b. Driving while distracted;
   c. Failing to slow when traffic ahead of him was slowing and stopping;
   d. Failing to apply his brakes and stop in a timely manner;
   e. Crashing into Plaintiff instead of steering around or away from her;
   f. Failing to yield the right of way to Plaintiff;
   g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
   h. Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

24. Defendant Clevenger's breach, as described above, was not only negligent but also grossly negligent, careless, reckless, willful, and wanton.

25. Defendant Clevenger's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Clevenger's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

   a. Significant past and future medical expenses,
   b. Lost income and reduced earning capacity,
   c. Personal property damage,
   d. Emotional distress and anxiety,
   e. Mental anguish,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

26. Because Plaintiff was injured as a direct result of Defendant Clevenger's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

27. Defendant Clevenger's acts and omissions demonstrate such want of care as to show Defendant Clevenger was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant CRST and Defendant Clevenger should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Clevenger for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Clevenger violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III

(Vicarious Liability as to Defendant CRST)

31. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Clevenger acted in the scope of his employment on behalf of Defendant CRST.

33. Defendant CRST, thus acting through its agent, servant, and employee, Defendant Clevenger, is vicariously liable for Defendant Clevenger's negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant CRST to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant CRST)

35. The Plaintiff adopts, incorporates, and realleges the allegations contained in the preceding paragraphs.

36. Defendant CRST was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Clevenger to operate a vehicle on Defendant CRST's behalf in one or more of the following ways:

    a. Failing to review Defendant Clevenger's driving history;

    b.    Failing to assess Defendant Clevenger's driving skills;

    c.    Hiring Defendant Clevenger to drive on Defendant CRST's behalf despite Defendant Clevenger's history of unsafe driving;

    d.    Failing to have policies and procedures to train or monitor Defendant Clevenger, or if such policies and procedures were in place, failing to enforce them;

    e.    Failing to ensure Defendant Clevenger had proper training and experience to operate a vehicle for Defendant CRST safely and effectively; and

    f.    Otherwise failing to investigate Defendant Clevenger's skill and history with a commercial motor vehicle, train Defendant Clevenger in proper driving procedures, supervise Defendant Clevenger's driving, failing to release Defendant Clevenger from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.    Based on Defendant Clevenger's unsafe driving history, Defendant CRST knew or should have known that hiring, training, supervising, or retaining Defendant Clevenger posed a risk of foreseeable harm to third parties.

38.    Plaintiff asks this Court to enter judgment ordering Defendant CRST to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

                      **MORGAN & MORGAN P.A.**

                      /*s/ James G. Biggart II*
                      JAMES G. BIGGART II, ESQ.
                      SC Bar No.: 106477

M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina